**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TAWANNA THORNTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-743-CWB** |
| | ) | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION & ORDER**

## I. Procedural History

Tawanna Thornton filed this action in the Circuit Court of Montgomery County, Alabama to assert a claim for uninsured motorist benefits. (*See* Doc. 1-1). The sole named defendant was State Farm Mutual Automobile Insurance Company. (*See id.* at p. 1). Proceedings thereafter were removed to federal court on the basis of diversity jurisdiction. (*See* Doc. 1). According to the Notice of Removal, "complete diversity of citizenship is satisfied" and "[t]he amount in controversy clearly exceeds $75,000.00." (*Id.* at p. 3, ¶¶ 9-10). Thornton in turn sought to have proceedings remanded on grounds that State Farm "has not carried, and cannot carry, its burden of proving that the amount in controversy exceeds $75,000.00." (*See* Doc. 22). State Farm later filed a consent to remand on the understanding that Thornton was not seeking more than the jurisdictional threshold. (*See* Doc. 24). Upon careful review and consideration of the record, including the parties' representations during the November 18, 2026 status conference, the court concludes that removal jurisdiction was lacking and that proceedings are due to be remanded to the Circuit Court of Montgomery County, Alabama.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction … ."). With specific respect to actions filed initially in state court, removal to federal court is authorized in circumstances where a district court would have had "original jurisdiction." *See* 28 U.S.C. § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because removal infringes upon state sovereignty and implicates central concepts of federalism, any doubts over jurisdiction should be resolved in favor of remand. *See Burns v. Windsor Ins. C*o., 31 F.3d 1092, 1095 (11th Cir. 1994).

## III. Discussion

### A. Federal Question Jurisdiction

The Notice of Removal (Doc. 1) contains no assertion that removal was predicated upon federal question jurisdiction. Nor has the court's independent review of the record uncovered any issue that reasonably could be construed as "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. It thus is clear that jurisdiction rises or falls on application of 28 U.S.C. § 1332(a).

**B. Diversity Jurisdiction**

It appears from the record that there is a complete diversity of citizenship among the parties. (*See* Doc. 13 at p. 2, ¶ 2 & Doc. 17 at p. 2, ¶ 2). But because the amount in controversy is not apparent from the face of the Complaint (*see* Doc. 1-1), and because State Farm consented to a remand purportedly "in reliance upon the representation … that an amount greater than $75,000.00 will never be sought" (Doc. 24), the court set a status conference for November 18, 2026 to obtain clarification as to the parties' respective positions. During the status conference, counsel for Thornton confirmed that the amount being sought had never exceeded $75,000.00 and that a sum greater than $75.000.00—exclusive of interest and costs—would never be requested or accepted.

Such stipulations are precisely of the type that consistently have been recognized as requiring remand. *See Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301-03 (M.D. Ala. 1999); *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1302 (M.D. Ala. 2001); *Lacey v. Dollar General Corp.*, No. 05-cv-1041, 2005 WL 3240708, at *2 (M.D. Ala. Nov. 30, 2005); *Thornton v. Waffle House, Inc.*, No. 06-cv-446, 2006 WL 2631350, at *2 (M.D. Ala. Sept. 13, 2006); *Stokes v. Homes*, No. 08-cv-806, 2009 WL 413755, at *2 (M.D. Ala. Feb. 18, 2009); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808-09 (11th Cir. 2003) ("[W]e give great deference to such representations and presume them to be true."). The court thus finds that the amount in controversy at all times has fallen short of the jurisdictional minimum and that jurisdiction is absent. *See* 28 U.S.C. § 1332(a) (constraining diversity jurisdiction to cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"); *see also Parker v. Williams Plant Servs., LLC*, No. 16-cv-239, 2016 WL 3892454, at *3 (M.D. Ala. June 29, 2016) ("Removal jurisdiction requires both complete diversity and satisfaction of the requisite amount in controversy. A case

does not become removable until both conditions are present.”).[1]

## IV. Conclusion

Based upon the foregoing, it is hereby **ORDERED** that the Motion to Remand (Doc. 22) is **GRANTED** such that this action is remanded to the Circuit Court of Montgomery County, Alabama. The clerk of court is **DIRECTED** to take all necessary steps to effectuate the remand.[2]

**DONE** this the 19th day of November 2026.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

[1] Based upon the representations of counsel, this is not a scenario where the amount in controversy was reduced post-removal in an improper attempt to oust jurisdiction that already had attached. *See Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000), *overruled on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007). It also is noted that courts remanding proceedings under similar circumstances routinely caution counsel that a failure on remand to abide by a prior stipulation to not seek or accept damages in excess of $75,000.00 may result in sanctions that “will be painful upon arrival.” *See, e.g., Moss*, 43 F. Supp. 2d at 1304; *see also Federated Mut.*, 329 F.3d at 808 (stating that “lawyers are officers of [the] court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose”). The court retains the same authority here—although it certainly has no reason to question the representations or commitments of counsel and finds them consistent with the court’s own view of the record. Nonetheless, counsel is reminded that “[t]hese statements and representations are binding no matter what happens in the future.” *See White v. Regions Bank*, No. 25-cv-504, 2025 WL 2648249, at *3 (M.D. Ala. Sept. 15, 2025).

[2] Because the court lacks jurisdiction, it cannot reach the issues raised in the parties’ other pending motions (*see* Doc. 11 & Doc. 12). Those matters are left for resolution in state court.